## Case No. 208

### THOMPSON, COMMISSIONER, *v.* FRED J. VANDEMARK COMPANY.

The Commissioner claims that Vandemark is liable to the State of Arkansas for Use Tax as levied by Act 487 of 1949 (§ 84-3101 Ark. Stats. Pocket Supp.), because of sales of merchandise made by Vandemark to residents of Arkansas. The facts were stipulated as follows:

"Plaintiff is a Corporation organized under the laws of the State of Tennessee, engaged in the business of selling machinery in its place of business in Memphis.

"(a)  Plaintiff employs sales representatives who travel in Arkansas and solicit orders from residents thereof for certain machinery. If said offers be obtained they are subject to acceptance by plaintiff in Memphis, Tennessee; and if so accepted the machinery is delivered by plaintiff to common carriers, f. o. b. Memphis, Tennessee, consigned to the Arkansas resident purchaser. The offer to purchase, the acceptance, and delivery of the machinery to the common carrier is consummated in Memphis, where the consideration for the purchase thereof is also paid.  . . .

"(b)  In certain instances offers to purchase machinery handled by plaintiff are taken from Arkansas residents by William Bigelow Robinson, of 400 Shall Street, Little Rock, Arkansas, doing business under the firm name of Bigelow Robinson Company. The offers to purchase so taken by him are in accordance with a written contract between him and plaintiff, copy of which is attached to complaint, marked Exhibit 'A' . . ."

The said contract between Vandemark and Robinson provides in part:

"1.  Vandemark hereby authorizes Robinson to sell in the Arkansas Territory hereinafter described all of the equipment, materials, and supplies handled by Vandemark, including the Clark Equipment Co. products handled by Vandemark, as well as 'Weldbilt' equipment and other materials and supplies handled and distributed by Vandemark. The dealer franchise agreement now in effect between the Clark Equipment Co., a Michigan corporation, and Fred J. Vandemark Co. is attached hereto for reference and for the purpose of acquainting Robinson with the terms thereof which are pertinent hereto . . .

"4.  Robinson shall receive as compensation for the sales services rendered by him sixty (60%) per cent of the sales commission allowed to Vandemark by the manufacturer or other supplier from whom Vandemark purchases, except in the transactions dealt with in the next section hereof.

"5. Parts for any equipment handled by Vandemark shall be sold and shipped to Robinson at the manufacturer's published list price thereof, less fifteen (15%) per cent discount and f. o. b. Memphis, Tenn. Discount does not apply on parts shipped direct to customer even though ordered and invoiced by Robinson . . .

"6. Robinson agrees to maintain and operate a special truck to give on-the-spot service to users of equipment sold by him under the terms hereof to users of said equipment, and agrees to render such truck services in accordance with policies prescribed by Vandemark, designed to comply with the requirements of the Clark Equipment Co. and other suppliers . . .

"10. All orders taken by Robinson within the said territory, except for such stock as may be carried by and in the hands of Robinson, and sold by him direct to customers, shall be taken by Robinson subject to acceptance by a duly authorized officer or agent of Vandemark, at Memphis, Tennessee.

"11. Robinson agrees to install and make 45-day and 90-day inspections and servicing of each new Clark machine delivered in the said territory in accordance with the policy and instruction of the Clark Equipment Co. The said 45-day and 90-day inspections and servicings are to be made within 15 days before or after 45 days and 90 days respectively after installation. The three reports required by Clark Equipment Co. and by Vandemark upon the said installation and two inspections and servicings are to be furnished Vandemark properly made out, and upon the proper performance of said installation and inspection and servicing and the making of said reports thereon, Vandemark agrees to pay Robinson the sum of $25.00 on each machine . . ."

Vandemark not only employed traveling salesmen in Arkansas, as did Branyan & Peterson, Inc. in Case No. 209, but Vandemark also made a contract with an Arkansas resident (Bigelow Robinson); (a) that he maintain a salesroom in Arkansas; (b) that he maintain and operate a truck for "on-the-spot" service to equip-

ment purchased from Vandemark; and (c) that he make 45-day and 90-day inspections of Clark machinery sold by Vandemark. Without doubt, these activities under the Bigelow Robinson contract, brought Vandemark into the taxing jurisdiction of the State of Arkansas, under the holding of the United States Supreme Court in *Miller Bros.* v. *Maryland.*

We therefore reverse the decree of the Pulaski Chancery Court, and remand this cause, with directions to enter a decree in favor of the Commissioner, in accordance with this opinion.

The Chief Justice did not participate in any of these five cases.